June, 1810.

WILLIAMS
v.
GRANGER.

JONATHAN WILLIAMS *against* GIDEON GRANGER.

*A.* gave a promissory note to *B.* dated the 1st of *November*, 1805, payable to him on the 1st of *October*, 1806; and *C.* on the 14th of *November*, 1805, for the purpose of securing payment of the note, entered into a written contract with *B.* endorsed thereon, in and by which he, for value received, guarantied that *A.* then was, and would continue to be, until the note should become due, of sufficient responsibility to pay the same; and then added this clause: " And I further engage with *B.* the promisee, that if the moneys mentioned in said note are not paid by the 5th of *September*, 1807, I will on that day advance the same to him, taking and holding the note as my own, at my sole risk." *A.* having failed to pay the note either on the day of payment, or on the 5th of *September*, 1807, it was held that *C.'s* promise to pay the money became absolute, and that *B.* might recover the same of *C.* without a previous suit on the note against *A.*, or showing his bankruptcy, and without notice to *C.* of *A.'s* failure.

WRIT of error.

This was an action of *assumpsit* against *Granger* on a special endorsement, guarantying the payment of *Oliver L. Phelps's* promissory note, dated *November* 1, 1805, and payable to *Williams* on the 1st *October*, 1806. The endorsement was in these words : " For value received, I hereby guaranty to *Jonathan Williams*, Esq. that the within named *Oliver L. Phelps*, the promisor, is, and will continue to be, until the day of payment mentioned in said note, of sufficient responsibility to pay the same; and I further engage with said *Williams*, the promisee, that if the moneys mentioned in said note are not paid by the 5th day of *September*, in the year 1807, I will on that day advance the same to him, taking and holding the note as my own, at my sole risk. *Hartford, November* 14, 1805.     (Signed)          " *Gideon Granger*."

The declaration averred that *Phelps* had not paid, and that the defendant was liable, &c.

The defendant pleaded that *Phelps*, when the note was made, endorsed, and became payable, and until the date of the writ, was a man of abundant property; that the note was given for *Phelps's* own proper debt, and the defendant was surety without funds; and that the defendant, at no time prior to the date of the writ, had notice of *Phelps's* failure to pay, nor was any demand made of the defendant, nor any suit brought against *Phelps*.

To this plea there was a demurrer. The superior court adjudged the plea sufficient; whereupon the plaintiff brought this writ of error, assigning the general error.

*Goodrich* and *Dwight*, for the plaintiff, contended, 1. That it was not incumbent on the plaintiff to sue *Phelps* in order to secure the endorsor; because the contract with the defendant was not to take effect until the note should have been due more than eleven months.

2. That it was not incumbent on the plaintiff to give the defendant notice of *Phelps's* failure to pay. 5 *Com. Dig.* 367, 368. (*Dub. edit.*) 16 *Vin. Abr.* 6. 3 *Com. Dig.* 119. *Selby* v. *Wilkinson*, 2 *Bulstr.* 254. *Holmes* v. *Twist*, Hob. 51. *Henning's Case*, Cro. Jac. 432. *Somersall* v. *Barneby, id.* 287. *Powle* v. *Hagger, id.* 492. *Cole's Case*, Cro. Eliz. 97. *Juxon* v. *Thornhill*, Cro. Car. 132. *Atkinson and Rolfe's Case*, 1 *Leon.* 105. *Pitman* v. *Bidlecombe*, 4 *Mod.* 230. *Smith* v. ———, 11 *Mod.* 48. *Smith* v. *Goffe*, 2 *Salk.* 457. *Harris* v. *Ferrand, Hardr.* 36. *East* v. *Thoroughgood*, Cro. Eliz. 834. *Brookbank* v. *Taylor*, Cro. Jac. 685.

3. That if the promise be collateral, to pay the debt of a third person on request, the request must be specially laid. *Birks* v. *Trippett*, 1 *Saund.* 28.

*Daggett*, contra. 1. It was the duty of the plaintiff to endeavour to collect this money from the maker. If the defendant had meant to be answerable as a co-obligor, he would have signed as such. By endorsing, he virtually said he would be liable only as an endorsor. He is therefore entitled to all the privileges of that character. *Nicholson* v. *Gouthit*, 2 *H. Bl.* 612. recognised by the supreme court of *New-York*, in *Jackson* v. *Richards*, 2 *Caines' Rep.* 345.

2. There can be no recovery against the defendant without *notice* of non-payment by *Phelps.* The principle may be admitted, that where the fact in question is equally within the knowledge of both parties, notice is not necessary; but this case does not come within that principle. The plaintiff must have had a *perfect* knowledge whether *Phelps* had paid or not; but the defendant did not necessarily know this; he could find it out

June, 1810.

WILLIAMS
v.
GRANGER.

only by inquiry; and it does not appear from the record that he had, in fact, any knowledge on the subject. On a review of the authorities cited by the counsel for the plaintiff, and a particular examination of each case, it will appear, that wherever notice has been dispensed with, the fact was as much within the knowledge of the plaintiff as of the defendant, except in *Brookbank* v. *Taylor;* and that is a solitary case, unsupported by any other.

Further, if the defendant is liable at all, he is liable as *endorsor;* and in that character he is clearly entitled to notice. So far as there is any difference between an endorsement in common form and this endorsement, the difference is *against* the plaintiff.

TRUMBULL, J.   It is apparent from the pleadings and record of the process, that the court below considered this endorsement of *Granger* as an endorsement in common form, warranting that the note in question was due and collectable by using due diligence; in which case, it would have been the duty of *Williams* to have shown to the court, that he had used all due diligence in endeavouring by law to collect the sums due by said note, from *Phelps*, and on failure to have given immediate notice to *Granger*, to enable himself to maintain an action on such endorsement.

But the endorsement in this case is a new, separate, and independent contract between *Granger* and *Williams* relative to the note, though it begins with a warranty of the responsibility of *Phelps*.

*Phelps* had executed a note to *Williams*, promising to pay to him one thousand and fifty dollars and thirty cents, with interest, on the first day of *October*, *A. D.* 1806. This note was executed on the first day of *November*, *A. D.* 1805. On the 14th day of said *November*, for the purpose of securing the payment of said note, *Granger* enters into a written contract endorsed thereon, in and by which he, for value received, warrants the

3

ability of *Phelps* to pay the note, and that he shall continue to be of sufficient responsibility until the day of payment mentioned therein, and then adds this clause: " And I further engage with said *Williams*, the promisee, that if the moneys mentioned in said note are not paid by the 5th day of *September*, in the year 1807, I will on that day advance the same to him, taking and holding the note as my own, at my sole risk."

*Phelps* wholly failed to pay the note either on the day of payment mentioned in it, or on said 5th day of *September*, 1807, which was eleven months after it; nor had he ever paid said moneys or any part of them. *Williams*, on that failure, brought his action against *Granger* on his contract. *Granger* pleads that *Williams* never commenced any suit against *Phelps;* that *Phelps* was, and continued till the date of the plaintiff's writ to be, a man of abundant property; and that *Williams* never, prior to the date of his writ, gave notice that *Phelps* had failed to make payment on the note, or made any demand of payment on him, on account of said failure.

On demurrer to this plea the court below adjudged it sufficient, and that *Granger* should recover his costs. To obtain a reversal of that judgment, *Williams* brings his writ of error before this court.

This is not the case of a mere endorsement, but arises on the special contract executed by *Granger* to *Williams*. He wanted better security. *Granger, for value received,* undertakes to guaranty, and also to pay, the note on said 5th day of *September*, in case *Phelps* should fail to pay it by that day. The object appears to have been to obtain for *Phelps* a further forbearance of eleven months. No act was required on the part of *Williams* for obtaining the money of *Phelps*. He was merely bound to receive it, if offered. On failure of payment, *Granger's* contract became absolute on that day. But *Phelps* is allowed time till the same day to pay it, and save *Granger* from his liability. No special notice was necessary on

*June, 1810.*

**WILLIAMS**
*v.*
**GRANGER.**

that day in order to render *Granger* liable; for his engagement became immediately absolute on the failure of *Phelps.* *Williams* had indeed his election to prosecute an action against *Phelps,* or rely on *Granger's* contract; but had he immediately, after the note fell due, sued *Phelps,* obtained judgment against him, and failed of procuring payment on his execution, he would have put it out of his power to assign and deliver over the note to *Granger* on said 5th day of *September.*

When *Granger's* promise to pay the money to *Williams* had become absolute, no special demand previous to the commencement of a suit was by law necessary, any more than in the case of a common promissory note.

Many authorities in some degree analogous, were cited on each side at the bar, but the discussion of them is unnecessary. The cause depends wholly on the true construction of the special contract between *Williams* and *Granger.*

For these reasons, I am of opinion that the judgment below was erroneous, and must be reversed.

In this opinion the other judges severally concurred.

Judgment reversed.