Harper J.
delivered the opinion of the Court.
*3 We concur in opinion with the presiding Judge in this case, and think the defendant stood merely in the situation of an indorser : And therefore, that a demand ought to have been made of the maker of the note, and notice given to the defendant. Every blank indorsement implies a guaranty, and if the present indorsement had been made in blank, it would have been in conformity with the implied contract under the custom of merchants, to fill it up with the words, which appear above the defendant’s name. To be sure, in the case of a blank indorsement the guaranty is conditional, that due diligence be used by making a demand on the maker, and giving notice to the indorser. It is supposed in the present case, that as the guaranty is expressed, and nothing is said of the condition, it must be taken that the condition was dispensed with. But all the cases which have been relied on with respect to guaranties, suppose a condition that some degree of diligence shall be used. In Warrington v. Furbor, 8 East. 242, the court decided upon the ground that the parties to the bill of exchange were bankrupt before the bill became due, and therefore that demand and notice would have been unavailable. That was a case in which the plaintiffs guaranteed by a separate memorandum the payment for goods purchased. There was no reference to any bill of exchange, though a bill of exchange for the amount was afterwards accepted by the vendors. Justice Le Blanc in his opinion rests the decision upon this distinction, that “ there is no need of the same proof to charge a guaranty, as to charge a party whose name is on a bill of exchange; for it is sufficient as against the former to shew that the holder of the bill would not have obtained the money by making a demand.” 8 East. 247.
In this case the defendant was certainly a party whose name appears on the note; he was the payee, and this court has decided in the case of Chappell ads. of Purvis, decided in 1827, that a similar indorsement was a good transfer of the note. The case of Philips v. Astling, 2 Taunt. 206, was much stronger than the present. There the defendants names were not on the bill, nor did the court regard them as indorsers. By a separate memorandum they guaranteed the payment of £500, for the purchase of provisions, to be paid by a bill drawn by the vendors on a third person. Yet the court held that a demand ought to have been made and notice given to the defendants; though there *4 was strong reason to suspect, that the drawer and acceptor were insolvent when the bill was drawn; and the drawer actually became insolvent within a year afterwards, and the acceptor some time after. The court says that “ for anything that appears, if this gentleman had demanded the money either of the accept- or or drawer, the bill might have been paid.” 2 Taunt. 212. This would seem to settle, that in such a case of guaranty, nothing short of actual bankruptcy or avowed insolvency before the bill becomes due, can excuse the necessity of demand and notice. In the present case the maker of the note lived several months after it became due, and after his death his estate proved to be insolvent,
I give no opinion of such an indorsement or guaranty of a note or bill past, due, where it is impossible that the parties can contemplate a demand to be made at maturity and notice given; or of a case where the payment of the note or bill is guaranteed at a further day, beyond the day of maturity as in Williams v. Grainger, 4 Day, 444, or as in Tyler v. Burney, 7 Mass. Rep. 479, where the payment was guaranteed within eighteen months, “if it cannot be collected before that time.” Here the guaranty was made before the note became due, and must be held a guaranty of payment according to its terms. In the latter case cited the undertaking was held to be a contract not assignable, and that no person other than an original party to the guaranty could maintain an action thereon. Such I think must be the result in the present case, if this were held to be a collateral contract, and not an indorsement under the law merchant. I know of no principle which would authorize the assignee of such a contract to sue in his own name.
The motion is therefore refused.