BICKERSTAFF *VS.* PATTERSON.

1. Notice to defendant, or advertisement, is not necessary in a case of attachment against an absent defendant, where the judgment is not rendered until after the expiration of six months from the issuance of the attachment.

2. Where the sheriff returns, to a writ of attachment, that he has levied on certain property—it will be intended that the property levied on was that of defendant in attachment.

Error to the Circuit court of Mobile.

Attachment against an absent debtor, tried before *Pickens*, J.

In this case, the sheriff returned that he had levied the attachment on sundry articles, without adding that the articles levied on were the property of defendant: judgment was rendered against defendant, and the property levied on, condemned to satisfy the judgment.

The plaintiff in error assigned:

That the suit commenced by an attachment. There was no levy upon any property of the defendant in attachment, nor did he ever have any notice by advertisement, or otherwise: nor did he ever appear to the action.

*Thornton*, for plaintiff in error.

COLLIER, C. J.—The reversal of the judgment of the Circuit court, is sought on these grounds:

First—That it does not appear the plaintiff had notice of the pendency of the attachment previous to judgment —or that the same was advertised.

Second—The sheriff's return of the levy of the attachment does not state that the property seized was the plaintiff's in error.

The first point was decided adversely to the plaintiff in Murray vs. Cone & Park, use, &c. (at this term.)

The second ground, we think, cannot be sustained. The sheriff is an officer placed under great responsibility by the law, which defines his duties. He pledges to the public, under the solemnity of an oath, his integrity and diligence; and consequently, every reasonable intendment must be made in favor of the regularity of his official acts. When he receives process, requiring him to levy upon the property of a particular individual, and he returns it according to its mandate, with his endorsement, stating that he had levied the same on property, (particularly describing it,) we must intend that the property seized belonged to the defendant; because the process only authorised a levy upon his effects.

In the present case, the sheriff acknowledges the receipt of the attachment, and returns it, with his levy endorsed on sundry articles of furniture. These we must intend to have belonged to the plaintiff in error—they were sufficient to give the Circuit court jurisdiction. Its judgment is consequently affirmed.