## STARKE v. MARSHALL & CAMMACK.

1. The 25th day of December, is not *dies non juridicus,* nor will a writ of error be quashed, because if was issued on that day.
2. The affidavit for an attachment need not declare the manner in which the debt sworn to, accrued.
3. Under the attachment act of 1833, Aikin's Digest, 37, the writ could only be executed in the county to which it was returnable, otherwise, under the act of 1837. P. P. 65 sec. 12.

Writ of Error to the Circuit Court of Mobile county.

THE action was commenced by attachment, which was issued by a Justice of the Peace, of Mobile county, on the 14th April, 1837, and was returnable to the Circuit Court.

The affidavit on which it is founded, sets forth that one of the plaintiffs made oath, that the defendant was indebted to

them in the sum of fourteen hundred dollars; but it omits to state how the indebtedness accrued.

The attachment was levied by B. W. Bell, who adds to his name, in the return, sheriff M. C.; and it further appears from a delivery bond, executed by the defendant, that the property levied on, was delivered to him on the execution of the bond, which is payable to Bushrod W. Bell, as sheriff of Montgomery county. A judgment by default was rendered on the 27th December, 1837, but no declaration is found on the record.

The writ of error is tested on the 25th day of December, 1840, and is prosecuted by the defendant, who assigns as error,

1. That the Circuit Court of Mobile county had no jurisdiction of the cause of action; and the writ was improperly issued in, and from that county.

2. That the Circuit Court erred in rendering judgment by default, when there was no declaration.

3. Because the plaintiffs did not entitle themselves to an attachment, they not having complied with the requisites of the statute.

STEWART, for the plaintiffs in error, insisted that the attachment which issued in Mobile, could not be properly levied by the sheriff of Montgomery county. The omission to file a declaration is fatal, but here the case need not be remanded because the affidavit does not disclose how the defendant became indebted to the plaintiffs.

CAMPBELL, contra, moved to dismiss the writ of error, it having issued on Chritmas day, which he insisted was a *dies non juridicus.*

GOLDTHWAITE, J.—1. The motion to quash the writ of error, cannot prevail.

It may be, and doubtless is true, that in England, Christmas is considered as a *dies non juridicus,* but the same rule, has never, so far as we are informed, been applied in this country; and the reason is, that we have only adopted the common law, so far as it is applicable to our institutions. The day of the nativity of our Saviour, is certainly unknown, and the adoption of the 25th of December, for the purpose of celebratting certain

observances in England, is derived from the ritual of the Catholic Church. The Sabbath, is the only day, which our laws and statutes recognise, as so peculiarly holy, as to make any secular business unlawful.

2. The act of 1833, Aikin's Digest, 37, under which this attachment was sued out, does not require the plaintiff to shew, in his affidavit, how, or by what means the debt accrued; it is sufficient that the amount of the debt should be sworn to. The objection, therefore, to the affidavit, cannot avail the plaintiff in error.

3. The attachment was irregularly directed to any sheriff of the State, because, at the time this writ issued, such a direction was not permitted by the statute; but this would be a mere informality, not sufficient to avoid the writ, if in point of fact, it had been executed by the proper officer. This, however, was not the case, for instead of being executed by the sheriff of Mobile, it was levied by the sheriff of Montgomery county, and this raises the question, whether, under the act of 1833, process of attachment, could properly run into more counties than one. The statute permits the Judge or Justice, to grant an attachment against the estate of the debtor, *wherever it may be found,* and certainly in many cases it would have been a very inefficient remedy, if it could only have been levied on property within the county to which it was returnable. My own opinion is, that a construction should, from the first, have been given to this act, so as to allow of levies on the property of the defendant, wherever it might be found; but a majority of the court think otherwise; and we all concur that the subsequent act of 1837, (P. 65, sec. 12,) which amend and consolidate all the laws relating to attachments, and which authorises branch writs to as many counties as may be desired, must be considered as a legislative exposition of the act of 1833. It follows from this, that under that act no attachment could be levied in a different county from that which it was returnable.

The omission of the declaration need not be examined, as this was error, according to repeated decrees of this court.

Let the judgment be reversed.