## BURT v. PARISH & Co.

1. Defects in the bond and affidavit made on suing out an attachment are not available on error, unless the exception has been taken by plea in abatement, in the court below.

2. It is unnecessary for the sheriff's return to state that the garnishee was summoned in writing, as such is the necessary intendment of his return, but this inquiry is immaterial to the defendant.

3. Where a note payable to a named individual, or bearer, is indorsed by a third person to the plaintiffs before its maturity, and its due payment guarantied, waiving the suit and diligence required by law; such indorsement binds the indorser, if the note is not paid by the makers at its maturity, without any further action by the holder.

4. It is unncessary, under such a contract to aver notice to the indorser, that the makers had not paid the note.

5. Where the service of an attachment is made only by the summons of a garnishee, it is error to render judgment against the debtor, until the garnishee has admitted a debt due, or until a final judgment has been entered for his default.

Writ of Error to the County Court of Dallas.

THIS suit is commenced by attachment, by Parish & Co. against Burt, returnable to the February term, 1844. The affidavit is made by one styling himself the agent for the plaintiffs, whose names are set out, and the debt is stated as $2,000, with interest from the 1st January, 1844. The cause of suing out the attachment is, the non-residence of the defendant. Bond with surety was given by the agent in the penal sum of $5,000. The attachment is in the usual form, and is returned by the sheriff to this effect: "Summoned as garnishee, in this case, Mrs. Amy G. Hill. I cannot find any property in this county belonging to the defendant, on which to levy this attachment." M. C. Sheriff.

The cause of action indorsed on the attachment is, that a note for $2,000 was made by John Brownlee, Dixon Hall, jr. and A. H. Wallace, payable to G. W. Edwards, or bearer, on the 1st January, 1840, dated 16th October, 1837, which note was assigned by indorsement of the defendant to the plain-

tiffs he guaranteeing due payment of the note and waiving the suit and diligence against the makers required by law.

The plaintiffs declared in assumpsit upon the special contract and also on the common counts. The count on the special contract avers, that the defendant, being the owner of the note described previously, and also indebted to the plaintiffs in a larger sum, for goods, &c. in consideration of such indebtedness, made the indorsement upon it which has already been stated. The liability of the defendant to pay the amount, &c. is deduced from the averment, that the makers did not pay at maturity, but no allegation is made that the defendant was notified of the non-payment. In the indorsement, as described in this court, the plaintiffs are said to be of New York.

Neither the defendant, or the garnishee, appeared at the return term, but a judgment *ni si* was taken against the garnishee for her default, and a *sci. fa.* awarded. In this judgment *ni si*, the sum to be recovered, *unless, &c.*, is stated at $2,585 33, the amount of the indebtedness due from, and sought to be recovered of the defendant. No judgment was then rendered against the defendant, but afterwards, at the June term of the same year, a default was first entered, and the plaintiffs damages were assessed at $2,740, for which judgment was taken. At the same term, the suit as against the garnishee was continued by consent of parties.

In this condition of the cause, the defendant sues out the writ of error, and here assigns as grounds for reversing the judgment—

1. That the affidavit on which the attachment issued is defective.

2. That the bond given by the plaintiff is insufficient.

3. That there was no legal and sufficient service of the attachment, either by levy upon goods, summons in writing to the garnishee, or notice to the defendant.

4. That it does not appear, the garnishee is a debtor of the defendant, or has effects of his.

5. That the first and other counts of the declaration are defective.

6. The judgment was premature, and erroneous, as given for the amount of the debt, when it should be only for the condemnation of the debt due from the garnishee.

R. SAFFOLD, for the plaintiff in error, made the following points :

1. The attachment here is sued out by a non-resident against a non-resident, and in such a case the bond must be conformable to the statnte. [Clay's Dig. 57, § 9; Calhoun v. Cozzens, 3 Ala. R. 21; Linn v. Barge, 6 Ib. 373; Cobb v. Force, 6 Ib. 468.]

2. The fact of the plaintiff's non-residence, does not appear in the affidavit, and that cannot be amended. [Napper v. Toland, 9 Porter, 218.]

3. To sustain the judgment, there should be either the admission by the garnishee of his indebtedness, or proof against him on an issue. [Thompson v. Allen, 4 S. & P. 182; Leigh v. Smith, 5 Ala. R. 583; Clark v. Garther, 6 Ib. 139.] A judgment *ni si* merely, will not protect the garnishee against a suit by a subsequent assignee of the debtor. [Johns. v. Field, 5 Ala. Rep. 484.]

4. The statute requires the garnishee to be summoned in writing, (Dig. 59, § 19;) and it seems that the garnishment should be issued by the clerk. Here, there is no summons whatever issued.

5. The affidavit is defective in not averring the defendant to have no effects in the State of his residence, and the bond, besides not being in double the amount of the debt, is not approved by the proper officer.

6. The declaration contains no averment of the inability of the makers to pay it; nor of any attempt, by suit or otherwise, to collect the demand from them; nor even of notice to the defendant, that the note was unpaid. [Burnett v. Thompson 1 Ala. Rep. 469.] Here the engagement is not an absolute promise to pay, but only to guarantee. [Douthitt v. Hudson, 4 Ala. R. 110; Grannis & Co. v. Miller, 1 Ib. 471; Jordon v. Garnett, 3 Ib. 310.] Notice to the defendant was necessary to charge him, and the fact of non-payment was within the plaintiff's knowledge, and therefore the covenant of notice proper. [Carlisle v. Rail Road Co. 4 Ala. Rep. 70; Lawson v. Towns, 2 Ib. 373; Ingrain v. Ricks, 3 Dev. 62; Russell v. Clark, 7 Cranch, 69; Douglass v. Reynolds, 7 Peters, 113; 3 Wheat. 154.]

7. Although a bill or note is evidence on the money connts,

(Piersol v. Farrand, 6 B. & C. 439,) yet, if a writ be indorsed with a bill or note as its cause of action, it will not authorize a declaration for another cause.   In Chandler v. Holloway, 4 Porter, 17, and Thurman v. Matthews, 1 Stew. 387, it is said, a declaration containing good and bad counts will cured by the statute of jeofails, when a material issue is tried.   If this cause is governed by that rule, it must be reversed, as the special count seems conceded to be bad.

8. The consent of the defendant to waive suit, does not deprive him of his right to notice.   [Bates v. Ragland, 6 Ala. R. 668.]

EDWARDS, contra, insisted, it was too late to call in question defects, either in the affidavit or bond.   It may be, that the plaintiffs are non-residents, but if they are, it does not appear from the record, and should have been pleaded in abatement.   Unless the garnishee can be compelled to answer, by fear of a final recovery, there is no means to compel an answer, when there is no property to levy upon.   [Leigh v. Smith, 5 Ala. R. 583.]

GOLDTHWAITE, J.—1. We shall consider this cause first, with reference to the supposed defects in the affidavit, bond and attachment; second, the objection that there is no summons in *writing* to the garnishee, and the supposed inconclusiveness of the sheriff's return; third, the positions assumed with relation to the declaration; and lastly, that which is taken to the judgment itself, as prematurely rendered.

It will not be denied, the decisions of this court have undergone some modifications, so far as attachments are their subject.   This mode of proceeding seems formerly to have been considered with so much strictness, that different rules were applied than obtained with more ordinary process; and judgments were not unfrequently reversed, although the exception to the proceedings had never been taken in the court below.   We have long been satisfied, the proper construction of the recent statutes, requires the party to avail himself of the objection, if one exists, to the form of proceeding in the primary courts; and in accordance with this opinion, we

held, in the recent decision of Jones v. Pope, 6 Ala. R. 154, that the entire omission of a bond and affidavit must, to be available in error, be taken advantage of in the court below by plea in abatement.   It is evident, that defects in the affidavit or bond, however gross, cannot avail the party, if their entire omission cannot.   The decision referred to seems a conclusive answer to all the assignments, which fall within the first division of our consideration.

2. It is true, the statute (Dig. 59, § 19,) directs the sheriff to summon the garnishee, in writing, but we suppose the intendment must arise, that he has done so, when the return is, that he has summoned an individual as *garnishee.*   In our judgment, no other conclusion is to be drawn from the sheriff's return, than that the writ was executed by summoning Mrs. Hill as garnishee—whether the summons was in writting, or otherwise, is immaterial now to consider, as that seems to be an inquiry in which the garnishee alone is concerned. In analogous cases of sheriff's returns, we have always held, that the return would be construed with reference to the mandate of the writ, and that it was unimportant to state the property levied on, as being the property of the defendant. [Lucas v. Brooks, 6 Ala. R. 831; Bickerstaff v. Patterson, 8 Porter, 245; Kirksey v. Bates, 1 Ala. R. N. S. 303.]   In our judgment, the return is sufficient.

3. The point next in order to be examined, might be disposed of quite briefly, if we were authorised to consider the assessment of damages as applicable to the common counts ; but it is insisted this can only be done when a verdict has been found on a material issue ; and therefore, without assenting to the proposition, we shall waive it, and examine the special count which is said to be defective.   The defendant is not, technically a party to the note, which he assigned to the plaintiffs, inasmuch as it is payable to another person, and is not indorsed by the payee—a matter necessary, under our statutes, to the complete transfer of the note, although that is payable to bearer.   According to the allegations of the pleader, it seems, the defendant, by his indorsement, assigned the note to the plaintiffs, and guaranteed the due payment of its amount, waiving the suit and diligence against the makers required by law.   This contract, by the commercial law,

would import a guaranty; and, ordinarily, the guarantor is entitled to notice of non-payment, (Chitty on Bills, 474, and cases there cited;) though it is said the omission of notice will not operate as a discharge, if the plaintiff is prepared to show, that the guarantor has sustained no loss by the omission to give it. [Ib.] With us, however, such an assignment is considered as an imperfect indorsement, which subjects the party to the same liabilities, as he would be under if he was a formal party to the note, with the exception, when the maker is insolvent, that it is unnecessary to ascertain that fact by suit. [Jordon v. Garnett, 3 Ala. R. 610; Nisbett v. Bradford, 6 Ib. 746.] Such is the effect of a general indorsement, by one who is not a party; but here the individual has waived not only the suit against the makers, but the *diligence* required by law. The assignment is made, too, before the note was at maturity, therefore no inference can arise, as it did in Granniss & Co. v. Miller, 1 Ala. R. 471, that the indorser intended not to be held immediately and directly responsible, upon a demand of payment from the maker. On the contrary, it seems quite clear, his intention was to be absolutely bound, in the event the makers did not pay the note at its maturity; for, otherwise, the terms *due payment*, have no meaning. The suit against the maker, and all diligence being waived, there is no other condition in the contract, than to await the maturity of the note. The case as presented, is identical in principle with Allen v. Rightman, 20 Johns. 265, when the waiver of demand and notice being *all* the diligence required by the law of New York, was held to leave the contract an absolute one to pay upon the maker's default. In the special count, after stating the substance of the defendant's contract, the plaintiffs alledge the non-payment of the note, by its makers, at maturity, and therefrom deduce the defendant's liability. In our judgment, nothing more is essential.

4. In this connection, however, it is also insisted, that an averment of notice to the defendant, of the non-payment, is necessary in the pleadings, even if the contract is considered as binding him to pay absolutely, upon the default; inasmuch as the fact of the default is more immediately within the knowledge of the plaintiff. This may be a very proper gen-

ral rule but certainly does not extend to cases where a party contracts to make payment upon the performance or non-performance of some act by a stranger. It is said the promisor is bound to take notice of the act at his peril, [Chitty's Pl. 328,] and it has been expressly held, when one has guaranteed the performance of a particular act, by another, upon a day certain, that notice of the non-performance is unnecessary to be given, to the guarantor. [Williams v. Granger, 4 Day, 444; Lent v. Paddlefield, 10 Mass. 230.] Governed by these rules, it seems clear, the count must be considered as substantially good.

5. It yet remains to consider whether the plaintiff was authorized to take a final judgment in the condition of the case, as presented by the record. Upon a first view, a majority of the court were inclined to sustain the judgment, upon the idea, that the judgment *ni si* against the garnishee, was equivalent, in legal effect, to her answer; but then, there was the difficulty which would arise if she, before this conditional judgment is made final, denies all indebtedness and shall be discharged. In that event, nothing equivalent to service of process would appear; and, of necessity, the judgment against the defendant would be set aside. On the other hand, the difficulty is to obtain a judgment against a garnishee who refuses to answer, when there has been no other service of the attachment to warrant a judgment against the debtor. A brief collation of our statutory provisions, with our decisions on this subject, will aid us in coming to the proper conclusion. The garnishee is required to answer within the four first days of the term to which the attachment is returnable. [Dig. 59, § 19.] And if he fails to appear and answer, then a conditional judgment may be entered against him, upon which a *sci. fa.* issues; and, if he remains in default after service and return, the conditional judgment is to be confirmed, and execution awarded against him, for the plaintiff's whole debt and costs. [Ib. § 20.] In Gaines v. Bierne, 3 Ala. Rep. 44, and Leigh v. Smith, 5 Ib. 583, we held, that no *final* judgment could be given against a garnishee until one was rendered against the debtor; but in neither of those cases was it the question, whether a conditional judgment

28

rendered upon the default of answer might not be made final, if essential to warrant a judgment against the defendant in attachment. If it be true that no judgment can be given against the garnishee until one is recovered against the debtor, it *is obvious the refusal to answer will defeat the attachment;* as nothing equivalent to service will appear, when the attachment is served by garnishee process, until an answer comes in. This certainly was not intended by the legislature, and such a construction should be given as will enable the suitors to have the remedy evidently intended to be given. Under our general statute (Dig. 334, § 115,) no judgment can now be given at the appearance term ; and it was previously so as to non-resident debtors in attachment suits. [Ib. 58, § 15.] Yet the conditional judgment against the garnishee in default may be taken, as before shown, after the first four days of the term. This conditional judgment, it is obvious, could be only for such sum as the plaintiff should subsequently recover from the debtor ; and when made absolute would possess no greater certainty, unless the condition of the suit as to service, was such as to warrant a judgment against the debtor, independent of the proceedings against the garnishee. What is said in Dickinson v. Walker, 1 Ala. Rep. N. S. 48, must be construed with reference to the proceedings then before the court, which showed a final judgment against the debtor, and with regard to which we held, a judgment *ni si* for an uncertain sum to be error. As no other final judgment can be rendered when that to be recovered from the debtor is yet unknown, it seems to us that such a one would be proper, and entirely equivalent to an answer of the garnishee, admitting a debt due. Upon it, a judgment against the debtor would be the necessary consequence, as well as the award of execution against the garnishee, for the plaintiff's whole debt and costs. This difficulty of getting a judgment against the debtor, in cases where the attachment is supported alone by service of garnishment, upon the neglect of the garnishee to answer, being removed, the other difficulty first noticed, is entitled to its full weight, and shows the present judgment was premature. We can perceive no way to obviate the irregularity, which would arise if the garnishee can be subsequently discharged after a judgment

*ni si*, but to withhold the judgment against the debtor until that is made absolute. It is scarcely necessary to add, that such would not be the necessity when the service of the attachment is complete, by a levy, or by the answer of any one garnishee, admitting a debt.

On this ground, the judgment of the County Court is reversed, and the cause remanded.