Topliff *v.* Hayes et al.

⸺⸰⊚⊘⸰⸺

### HARRISON TOPLIFF *v.* URIAH HAYES AND ABEL BLANCHARD.

In a suit upon a bond, executed by the defendant to the plaintiff, to indemnify the plaintiff, who was a constable, for having attached property upon a suit in favor of the defendant, the plaintiff averred, in his assignment of breaches, that judgment had been recovered against him and the defendant in an action of trespass for taking the property, and that he had paid the amount of that judgment; and issue was taken upon the fact of such payment. And it was held, that the plaintiff, upon this issue, having proved the payment, was entitled to a verdict, without proving that he had given notice to the defendant of such payment, previous to the commencement of this suit.

And the plaintiff, in assigning breaches, was under no necessity to aver that such notice had been given. The right to sustain an action upon the bond accrued to him immediately upon his having made the payment.

And no additional duty, in this respect, was imposed upon the plaintiff by the fact, that the defendant had been committed to jail upon the execution obtained in the action of trespass against the plaintiff and defendant, and was actually in jail at the time the payment was satisfied by the plaintiff. And even if the defendant were suffered to continue in jail, ignorant of such payment, until long after the commencement of the action upon the bond, it would not interfere with the plaintiff's right to recover in such action.

Where a writing, conferring authority upon an agent to settle a demand, has been given in evidence, it is not error for the county court subsequently, in the progress of the trial, to permit a deposition, given by the person conferring such authority, to be read in evidence, which states the substance of such writing, and the intention of the defendant in executing it, for the purpose of rebutting evidence introduced upon the other side in reference to the nature of the transaction.

DEBT upon a bond for one thousand dollars. The defendants craved *oyer* and set forth the condition of the bond,—which was,

Topliff *v.* Hayes et al.

that the defendants would indemnify the plaintiff against all damage, cost and trouble, which might accrue on acco............his having attached certain personal property in a suit in favor of the defendant Hayes against Asa Chamberlain and Carmi D. Chamberlain, and also against all expense, cost and trouble on account of an action of trespass, which had been commenced in favor of Carlos Chamberlain against the plaintiff and Hayes, to recover the value of the property so attached. The defendants pleaded *non est factum*, and gave notice, that they should rely, in their defence, upon the following matters;—1, That the plaintiff had not been damnified in the premises ;—2, That the plaintiff had never paid the sum, for which he might be liable in the premises, but that the defendant Hayes remained jointly liable with him to Carlos Chamberlain for the same, and that Hayes had been imprisoned for a long time upon the execution recovered by Carlos Chamberlain against the plaintiff and defendant, and had had and could have no benefit, in procuring a discharge from said imprisonment, from any act done or payment made by the plaintiff, in discharge of said execution. The plaintiff replied, assigning as a breach of the condition of said bond, that Carlos Chamberlain recovered a judgment in his suit against the plaintiff and Hayes, and took out execution thereon, and delivered the same to a deputy sheriff to collect, and that the plaintiff, October 25, 1843, paid the amount due thereon, being $403,20 ; and also, that he had paid $100 for keeping the property attached in the original suit, and for necessary assistance about the same. The defendants rejoined, that the plaintiff had not, previous to the commencement of this suit, paid the amount of the said judgment and execution ; and that he had not paid the other sums mentioned in his replication ; and upon this rejoinder issue was joined. Trial by jury, November Term, 1845,—KELLOGG, J., presiding.

On trial the plaintiff, to sustain the issue upon his part, proved the execution of the bond declared upon, and then gave in evidence the record of the judgment in favor of Carlos Chamberlain against the plaintiff and Hayes, mentioned in his replication, together with a portion of a letter from said Carlos Chamberlain to one John F. Augustus, dated at Boston October 12, 1843,—which was in these words,—" This is to certify, that I do hereby authorize John F. Augustus, as my attorney, with full power to settle every and all de-

Topliff *v.* Hayes et al.

mands I have against Uriah Hayes of Woodstock and Harrison Topliff of Barnard, in the county of Windsor and State of Vermont."

The plaintiff then offered in evidence a receipt, signed by John F. Augustus, as "agent for Carlos Chamberlain," dated Woodstock, October 25, 1843, which was in these words,—"Received of Harrison Topliff four hundred and three dollars and twenty cents, in full of an execution in favor of Carlos Chamberlain against Uriah Hayes and Harrison Topliff, issued on a judgment rendered at the May Term of Windsor county court, 1842, and signed by N. Williams, Clerk." To the admission of this evidence the defendants objected, for the reason that it furnished no evidence of record, that the judgment and execution had been paid by the plaintiff, so as to entitle the defendant Hayes to his liberty from imprisonment on the execution, or to prevent the plaintiff from longer holding him a prisoner; and the receipt was offered without any additional evidence, that the payment was made known to Hayes, or to the jailor, until after the commencement of this suit;—but the objecttion was overruled by the court, and the evidence admitted. The writ in this action bore date October 25, 1843, and was served the next day.

The defendants then gave in evidence the original execution in favor of Carlos Chamberlain against Hayes and the plaintiff; by which it appeared, that Hayes was committed to jail upon the same, August 18, 1842; and there was nothing upon it to show that the plaintiff had ever been committed thereon, or that the amount due had ever been paid. The defendants also called as a witness the keeper of the jail, and he produced the copy of the execution, which was left with him upon the commitment of Hayes;—and upon this there was no evidence of any payment, or notice of payment, except an indorsement, signed by Tracy & Converse as attorneys for Carlos Chamberlain, which was in these words,—"The judgment within named was settled between the parties October 25, 1843. The jailor also testified, that on the ninth day of September, 1844, the bail of Hayes for the liberties of the prison procured a warrant and caused Hayes to be recommitted to close jail upon the execution, and thereupon Hayes procured new bail and was again admitted to the liberties of the prison; and that the indorsement above mentioned was made upon the copy of the execution after

Topliff *v.* Hayes et al.

Hayes had been thus recommitted and had procurred new bail. The defendants also gave in evidence the deposition of John F. Augustus, as tending to prove, that the transaction, at the time he executed the receipt relied upon by the plaintiff, was not a payment of the judgment, but was a sale of the same to one Daniel Aiken, or to Aiken and the plaintiff.

The plaintiff, to rebut the evidence last mentioned, and to show that the transaction was in fact a payment, then offered in evidence the deposition of Carlos Chamberlain,—to a portion of which, reciting the instrument conferring authority upon Augustus to settle the debt,—which is above set forth,—and stating the intention of the deponent in conferring such authority, the plaintiff objected, upon the ground that it was secondary evidence, and that it did not appear, that the original instrument was lost ;—but the objection was overruled by the court.

The defendants requested the court to instruct the jury, that, as the plaintiff had proved no notice, either to Hayes, or to the jailor, of any receipt, or payment, until long after this action was commenced, leaving Hayes all that time in prison upon the execution in favor of Chamberlain, the plaintiff was not entitled to recover in this action. But the court refused so to charge the jury.

Verdict for plaintiff. Exceptions by defendants.

*T. Hutchinson* for defendants.

1. The deposition of Carlos Chamberlain was improperly admitted.

2. The court should have instructed the jury, as requested. The bond declared upon is technically an indemnifying bond ; and the plaintiff cannot recover, until he has paid the debt and discharged Hayes from it. A discharge from Chamberlain to the plaintiff, however binding as between them, is of no force, as against Hayes, until he, or at least the jailor, was so notified of it, that Hayes could have the benefit of it, to relieve him from his imprisonment. Whenever a fact is necessary, to sustain an action, and that fact is within the knowledge of the plaintiff, and not of the defendant, the plaintiff must prove notice of that fact to the defendant, or he cannot recover. Stephens' N. P. 380, 381. 1 Chit. Pl. 320–323. 2 Saund. R. 62 *a*, n. 4. *Rushton* v. *Aspinall*, Doug. 679.

*E. Hutchinson* for plaintiff.

1. The receipt executed by Augustus was properly admitted. The only objection taken to it was, " that it furnished no evidence of record" of the payment, so as to entitle Hayes to his liberty from imprisonment. It was sufficient for the plaintiff's recovery, and, consequently, for the admissibility of his testimony, for him to show a judgment recovered against him, and that he was compelled to pay it. Payment of a judgment is not a matter, that usually appears of record ; nor was it necessary that it should, either for the protection of Hayes, or to entitle the plaintiff to recover upon the bond. *Witherly* v. *Mann,* 11 Johns. 521. *Goodrich* v. *Mott,* 9 Vt. 395.

2. The deposition of Carlos Chamberlain was properly received. The instrument recited in it had already been given in evidence, and the deposition was offered for the sole purpose of rebutting the defendants' evidence as to the character of the transaction, and showing that it was in fact a payment.

3. This was not a case, where notice, or request, is made part of the condition, and therefore necessary to be specially alleged and proved. As between the plaintiff and Hayes it is the common case of a surety paying money for his principal, where a recovery may be had upon the common counts, and where no demand is necessary. *Mattocks* v. *Lyman et al.,* 16 Vt. 113. The right of action was complete upon damnification, and "the bringing of the suit is a sufficient demand." *Adm'rs of Pond* v. *Warner,* 2 Vt. 532. *St. Albans* v. *Curtis,* 1 D. Ch. 168. *Cutler* v. *Southern,* 1 Saund. R. 116. Again, "payment" was the only fact put in issue by the pleadings ; and the plaintiff, having proved that issue, was entitled to a verdict. And if the defendants, instead of tendering issue upon the plaintiff's allegation of payment, had rejoined want of notice before suit brought, it would have been a departure, and bad upon demurrer. *Cutler* v. *Southern,* 1 Saund. R. 116.

The opinion of the court was delivered by

DAVIS, J. The declaration in this case counted simply upon a bond for the sum of $1000, executed jointly and severally by the defendants, the first as principal, and the last as surety, dated November 25, 1840. The defendants craved *oyer* of the bond and condition ; and, being set out, it appears to have been a bond of

Topliff *v.* Hayes et al.

indemnity, intended to secure and save harmless the obligee from all " damage and trouble " he might be put to, in consequence of having, on the 31st of October preceding, as constable of the town of Barnard, attached, at the request and under the direction of Hayes, on a writ in his favor against Asa Chamberlain and Carmi D. Chamberlain, a quantity of hay, five cows, two horses, one double wagon and one double harness, as the property of the said Chamberlain ; and particularly from all damage, cost and trouble that had accrued or might thereafter accrue to said Topliff, from a suit which had already been commenced against him and the said Hayes jointly, for the act of attaching said property, by one Carlos Chamberlain, who claimed to be the owner thereof at the time of the attachment.

The defendants pleaded,—1, *Non est factum;* 2, *Non damnificatus ;* 3, That the plaintiff has never paid the judgment recovered by Carlos Chamberlain against him and the principal in the bond, but the latter remains jointly liable with the former therefor, and has, moreover, for one whole year, been imprisoned in the common jail in Windsor county, and its liberties, by virtue of said Chamberlain's execution, and has had and can have no benefit from any act done or payment made by the plaintiff upon said joint claim. These two last grounds of defence are presented in the form of a written notice, in connection with the first plea. The plaintiff joins issue upon the plea of *non est factum,* and replies to the matters contained in the notice, by setting forth, as breaches of the condition of the bond, the prosecution to final judgment of the suit instituted by Carlos Chamberlain, in 1842, the taking out of execution thereon and putting the same into the hands of a deputy sheriff for collection, and the payment by him, October 25, 1843, of the full amount thereof, with interest, officer's fees, &c., being $403,20 ; and farther, that he had been obliged to pay $100 more, for expenses of keeping the cattle attached, and for necessary assistance in taking care of the property. The defendants rejoin, that the plaintiff had not, before the commencement of this suit, been compelled to pay said judgment and execution, and had not in fact paid the same, nor the other money mentioned in his assignment of breaches; and tender an issue to the country, which is joined by the plaintiff.

Several points have been made by the defendants' counsel, the most important of which, perhaps, is based upon the idea, that, even

if the plaintiff had truly paid the full amount of Carlos Chamberlain's judgment against himself and Hayes, and thus the contingency had occurred, which rendered the bond absolute, still he would not be entitled to recover, without averring and proving, before the commencement of the suit, notice to the principal in the bond, at least, of such damnification. The objection to the receipt executed by Augustus, the agent, or attorney, of Carlos Chamberlain, showing payment, and the subsequent request for instructions to the jury upon this point, both assume the necessity of such previous notice.

As the declaration does not and need not contain any allusion to the condition of the writing obligatory, and of course no assignment of breaches, if it were incumbent at all upon the plaintiff to place such an averment upon record, it could properly be done no where else, than in such assignment of breaches. It could doubtless have been done in connection with the statement of the fact of payment, without any incongruity; but, instead of demurring on account of the deficiency, the defendants, in their rejoinder, reiterate, with some little enlargement, what they had averred in their notice, that the plaintiff had not been compelled to pay, and had not paid, the judgment of Chamberlain, and tendered an issue of fact. The issue, thus formed, must necessarily be passed upon by the jury, and found for one party, or the other, according to the weight of evidence adduced. It has been found for the plaintiff, and no motion was interposed, on the part of the defendants, for judgment in their favor non obstante veredicto, nor to have the verdict set aside and a repleader awarded on account of the immateriality of the issue. I am satisfied, that no such motion could have been properly entertained; but whether so, or not, under the circumstances of the case the county court could not do otherwise than render judgment upon that verdict for the plaintiff.

This view of the subject necessarily disposes of the objection to the introduction of the receipt, unless accompanied by evidence that the payment verified by it was made known to Hayes. Such a circumstance was not comprehended in the issue, and need not, therefore, be proved. All that has fallen from counsel, in respect to the supposed necessity of satisfaction being entered upon the original execution, or the copy lodged with the jail-keeper, or upon the clerk's docket, rests upon no better foundation. Had the defend-

Topliff *v.* Hayes et al.

ants, in their rejoinder, insisted upon want of notice, it would evidently have constituted what is called a departure in pleading; and, on demurrer, judgment must have been given for the plaintiff. 1 Saund. R. 116. Besides, had the matter been presented in a proper way to test this question, I think there is no necessity, in assigning breaches of the condition of an indemnifying bond, to set forth that the party, bound to provide indemnity, was notified of those facts which constitute a breach of the bond; as, had there been no bond in the case, and the action had been assumpsit, no allegation of notice of that kind would have been necessary in the declaration. 1 Saund. R. 116. *Williams v. Granger*, 4 Day 444. *Lent et al.* v. *Paddleford*, 10 Mass. 730. 1 Steph. N. P. 381. 1 Chit. Pl. 286, 287.

Hayes was the principal in the suit against himself and his officer, and must be presumed to have been equally cognizant with the latter of its progress and final termination. With or without a special engagement to that effect, by bond or otherwise, it was his duty at all times to indemnify and save harmless his agent; and, when judgment was finally obtained, it was his duty to satisfy it. If he fail to do this, and the officer thereby is compelled to do it for him, a right of action results immediately, without notice, or special request.

It is useless to inquire by what chapter of accidents it happened, that, after the payment of the judgment by Topliff, Hayes, who was then on the jail limits, was not only not discharged by the creditor, but continued thus restrained of his liberty for about a year, when he was, at the instance of his bondsman, recommitted to close jail, from which he was again relieved by procuring new bonds,—which soon became inoperative by the certificate of Chamberlain's attornies, indorsed upon the copy of the execution in the jail-keeper's possession, importing that the judgment therein referred to had been settled between the parties, about a year previous. Chamberlain resided in Boston, and may be presumed to have been unaware of Hayes' continued confinement. His attornies resided in the village where the jail was situated, but may have been ignorant of the receipt of notes in satisfaction by Augustus; or, if acquainted with that fact, may have had no knowledge of the continued detention of Hayes, until the recommitment turned their attention to it. However this may be, it was no part of the duty of the plaintiff, residing in Barnard, to make inquiries into these matters. He might reason-

47

ably suppose, that, when the debt was satisfied, the creditor would cease to pursue either himself or the principal farther. Although he might have been apprised of Hayes' commitment to jail,—which, however, does not appear,—he was under no obligation to procure his discharge. He stood, in effect, in the light of a surety, having no duties to discharge, but such as his contract imposed upon him, and entitled to indemnity at all times from his principal. Whether Hayes has any remedy, as against Chamberlain, for the long detention he suffered, after the debt was satisfied, is .a question with which we have nothing to do.

It is hardly necessary to say, that we perceive no error, on the part of the county court, in allowing that portion of Carlos Chamberlain's deposition to be read as evidence, in which he speaks of the authority he had given to his former clerk, Augustus, then in Vermont, to settle and adjust the execution and judgment against Hayes and Topliff, and explains the motives and objects he had in view. The letter containing this authority, or so much of it as bears upon this point, the signature being proved, was read by the plaintiff without objection in the opening of his case, for the purpose of laying the foundation for the admission of Augustus' receipt. The recollection of the deponent as to the contents of his letter was certainly very accurate. The jury could not, therefore, have been misled.

The judgment of the county court is affirmed.