HORATIO WALKER *v.* LEONARD SARGEANT.

BENNINGTON,
*February,*
1839.

A motion in arrest cannot be sustained for matters which took place on trial.

Where a declaration in offset contains several counts, one of which is insufficient, and a general verdict for a balance is found for the defendant, the judgment must be arrested.

If, in such case, the record does not show that the plaintiff sustained his claim, there must be a new trial.

THIS was an action of debt on a recognizance. The defendant pleaded *nul tiel record,* and also a declaration in offset, as follows:

And for further plea in this behalf, in pursuance of the statute in such cases made and provided, the defendant, by way of offset to the plaintiff's claim, declares against the said Horatio in a plea of the case; for that whereas the said Horatio, at Manchester aforesaid, on the 25th day of May, 1836, by his note under his hand of that date, for value received, promised the said Leonard to pay him the sum of twelve dollars and fifty cents, one day after date with interest.

Also for that whereas the said Horatio, at Manchester, on the 28th day of October, 1834, by his note, under his hand, of that date, for value received, promised the said Leonard to pay him the sum of nine dollars and three cents, on demand.

Also for that whereas the said Horatio, on the 17th day of November, 1835, at Manchester aforesaid, by his promissory note of that date, under his hand, for value received, promised the said Leonard to pay him the sum of twelve dollars, on demand.

Also for that on or about the 2d day of April, 1834, one Silas Sutherland was indebted to the said Leonard in the sum of fifty dollars, for divers services, by the said Leonard, before that time, rendered for the said Silas, at his special instance and request, as a solicitor in chancery, in and about divers suits before that time instituted by the said Silas, and then pending before the court of chancery in the state of Vermont, for which said Silas was then and there liable to pay the said Leonard, whereupon he, the said Horatio, on or about the said 2d day of April 1834, by his written agreement, undertook and promised the said Leonard to pay and account

to him the said Leonard, for the amount of his, the said Leonard's claim and demand so due and owing to him, the said Leonard, from the said Silas, as aforesaid, and then and there delivered the said written agreement to the said Leonard, whereby the said Horatio became then and there liable, in law, to pay the said Leonard the said sum of money so due and owing to the said Leonard from the said Silas, as aforesaid, and being so liable, in consideration thereof, he, the said Horatio, then and there undertook and faithfully promised to pay the said sum of money to the said Leonard, when he should be thereto afterwards requested.

And also—(concluding with general counts for money had and received, money lent and advanced, and goods sold and delivered.)

To this the plaintiff replied, that the debt or recognizance belonged, in fact, to S. Swift, by assignment, of which the defendant had notice before the accruing of his claims.— This replication was traversed by the defendant. The issue was put to the court, who found a balance for the defendant.

The plaintiff then filed a motion in arrest, on the following grounds:

1. Because he says that on the trial of the said issue, the defendant neither presented nor proved to the said court any existing demand or claim in his favor against the said Horatio, nor did he ever exhibit or show to the court any proof or evidence that he held or claimed any such demand or demands existing in his favor, prior to the assignment of the said recognizance to the said Swift, nor prior to the present time, except from the date of the said notes and other writings specified in the said declaration or plea in offset as aforesaid.

2. Because he says that the said defendant does not aver or allege in his said declaration in offset, that any such note or notes, demand or demands existed in his favor prior to the said assignment to the said Swift, nor prior to the time of the said plea or declaration in offset.

3. Because he says that the said declaration or plea in offset, is wholly insufficient in law; and

4. That the said court did decide and adjudge that

the lien or claim upon any judgment for costs did not extend to and against the cognizor or surety for the said costs, and the said decision was had and made in this case upon that ground;—all which the said plaintiff is ready to verify. Wherefore, for the causes and reasons aforesaid, upon the face of the aforesaid record and proceedings, the said plaintiff prays that the said judgment may be arrested and no judgment had and rendered thereupon, and such further order, judgment and proceedings may be had thereupon as this court shall order and adjudge;

by his attorney S. Swift.

The county court overruled the motion in arrest, and rendered judgment for the defendant to recover his costs. To all which decisions the plaintiff excepted.

*S. Swift*, for plaintiff.

*Sargeant & Miner*, for defendant.

COLLAMER, J.—The plaintiff has filed a motion in arrest, containing matter, which, as he says, took place on trial. Such matter cannot be taken advantage of in this manner. A motion in arrest can be sustained only for matter apparent of record, and such things as take place on trial must be placed on record by a bill of exceptions, allowed by the court, before notice can be taken thereof for *reversing a judgment*;—for they would never be proper for a motion in arrest. But among the matters urged in arrest of the general judgment, found for the defendant on his pleas in offset is, that they are insufficient. The first objection is, that the declaration in offset does not contain the usual introductory averment that the plaintiff was indebted to the defendant at the commencement of the action. On a motion in arrest, the declaration, and every thing which must have been proved in sustaining what the declaration avers, is taken to have been shown. Now some of the counts here are on notes, alleged to be given and *due* before this action. This allegation having been found true supplies the want of any such direct averment. It is insisted that the counts on note are insufficient. That such declaration on note is sufficient was decided in *Binney & Broadhead* v. *Plumley*, 5 Vt. R. 500. The fourth count in the declaration in offset is clearly bad, alleging no suffi-

BENNINGTON, *February,* 1839.

Walker
*v.*
Sargeant.

cient consideration for the promise, and the judgment being general on the whole declaration, it must be arrested. These two points were decided in *Harding* v. *Cragie.* 8 Vt. R. 501. It appears that the defendant also pleaded *nul tiel record.* — The case does not show how this was found, nor for what claim the balance was found for the defendant, and therefore there must be a new trial.

Judgment arrested, and new trial granted.