#### COUNTY OF WINDSOR,

JULY ADJOURNED TERM, 1843.

[Continued from Vol. 17, page 72.]

PRESENT,

HON. STEPHEN ROYCE,
HON. MILO L. BENNETT, . } ASSISTANT JUDGES.
HON. WILLIAM HEBARD,

---

### LEMUEL SYLVESTER v. SOLOMON DOWNER.

If a general verdict for the plaintiff be taken upon several counts in a declaration, and one of the counts is fatally defective, judgment will be arrested, on motion, though other counts, not liable to objection, were covered by the verdict.

In case of a guaranty, that a demand against a third person is or shall be good and collectable, the condition is implied, that the person taking such guaranty shall use all reasonable diligence to collect the demand of the debtor.

An averment, in a declaration upon such guaranty, that, "when said note became due and payable, said note was not good and collectable, and the plaintiff was unable to collect said note," and that the plaintiff "hath been wholly unable to collect said note," does not sufficiently import that all endeavors to collect the note would have been manifestly useless, so as to furnish a sufficient excuse for omitting such endeavors, even if an excuse can exist on that ground ;—as to which *quære.*

A declaration upon such guaranty must aver notice to the guarantor, before the commencement of the suit, that proper efforts have been made to collect the demand from the debtor, and that they have proved unavailing; and if such averment is omitted, and a verdict be taken for the plaintiff, judgment will, on motion, be arrested.

Assumpsit. The plaintiff declared against the defendant, in several counts, as maker, indorser and guarantor of a promissory note, and added the money counts. Plea, the general issue, and trial by jury,—Collamer, J., presiding.

On trial the plaintiff abandoned the first count in his declaration, and obtained a verdict upon the other counts. Exceptions were taken by the defendant to the admission of one Whitcomb as a witness,—which were subsequently waived in the Supreme Court. After verdict the defendant moved in arrest of judgment, for the insufficiency of the plaintiff's declaration. The plaintiff then obtained leave of the court to take his verdict on such counts in his declaration, as he might elect; and he chose to take it upon the second, third and fourth counts and upon the last count. The court then overruled the motion in arrest of judgment; to which decision the defendant excepted.

The second count was in these words;—" Also, for that, at said ' Sharon, on the first day of October, A. D. 1837, the defendant, in ' consideration that the plaintiff would purchase of him a certain ' note, signed by one David E. Strong, dated March 27, 1837, for ' the sum of seventy five dollars, payable in the month of February ' then next, with interest annually, then and there undertook and ' promised to the plaintiffs, that, when said note should become due, ' it should be good and collectable. And the plaintiff avers, that, ' confiding in said promise and agreement of the defendant, he, the ' plaintiff, did then and there purchase said note of said defendant, ' and then and there paid said defendant for the same. And the ' plaintiff avers, that, when said note became due and payable, said ' note was not good and collectable, but said plaintiff was unable to ' collect said note; whereupon the said defendant did not keep his ' said agreement, but hath broken the same, and the plaintiff hath ' been wholly unable to collect said note."

*A. P. Hunton* for defendant.

If a note be sold, with a parol agreement that the same is good and collectable, the purchaser must use due diligence in proceeding against the maker, in order to make the seller liable. *Foster* v. *Barney*, 3 Vt. 64. In this case the plaintiff has not stated what measures he took, or that he took any; nor has he stated any excuse for omitting such measures.

Before a plaintiff can lawfully sustain a suit upon a contract of the kind declared upon in this case, it is necessary, that he give notice and request payment; and if that matter has not been before the court in this State, it is believed that the reason is, that, in all cases similar to this, which have been before the court, notice was given and demand made; *Marsh* v. *Babcock*, 2 D. Ch. 125; *Foster* v. *Barney*, 3 Vt. 61; and there is the greatest reason, why it should be so; for whether the holder succeeds in the collection of the note is a matter peculiarly within his own knowledge, and which the guarantor is not supposed to know. The second count in the plaintiff's declaration, which was one upon which the verdict was taken, contains no allegation, either as to notice, or request of payment of the note, or damages for the non-performance of the contract.

As to intendment after verdict, See 1 Chit. Pl. 712, 713; *Needham* v. *McAulay*, 13 Vt. 68; *Vadakin* v. *Soper*, 1 Aik. 287; *Speers* v. *Parker*, 1 T. R. 145; *Clark* v. *King et al.*, 3 T. R. 147; *Ward* v. *Harris*, 2 B. & P. 264.

*O. P. Chandler* for plaintiff.

The second count declares on a guaranty collateral to the note, setting forth, upon a sufficient consideration, a guaranty of the solvency of the maker, when the note should fall due, and the entire insolvency of the maker and loss of the note,—thus setting forth a special undertaking and failure of performance. No demand and notice need be alleged. *Warrington* v. *Furrow*, 8 East 242. *Holbrow* v. *Wilkins*, 8 E. C. L. 10. *Allen* v. *Rightmere*, 20 Johns. 365. *Hought* v. *Grey*, 19 Wend. 202. *Foster* v. *Barney*, 3 Vt. 60. *Peck* v. *Barney*, 13 Vt. 93.

The opinion of the court was delivered by

ROYCE, J. The defendant excepted, in the court below, as well

to the admission of the witness Whitcomb, as to the decision over-ruling his motion in arrest of judgment. But as the former point has not been urged in this court, we shall treat it as having been waived.

It appears, that the plaintiff took a general verdict upon several counts in his declaration, including what was originally the second count. That is the only one, which will be considered in reference to the motion in arrest. If that count was fatally defective after verdict, the motion in arrest should have prevailed, though other counts, not liable to objection, were also covered by the verdict. *Hazelton* v. *Weare*, 8 Vt. 480 ; *Harding* v. *Cragie*, Ib. 501 ; *Walker* v. *Sargeant*, 11 Vt. 327 ; *Needham* v. *McAuley*, 13 Ib. 68. I shall consider but a single question, arising upon this count, and that is, whether it should have alleged notice to the defendant, before the commencement of this action, that proper efforts had been made to collect the note of Strong, and that they had proved unavailing. It is urged, that this was unnecessary, either on the ground that the defendant's undertaking, as here stated, amounted to an absolute guaranty ; or because the allegations made imply such an utter insolvency of Strong, at the time, that the plaintiff was not bound to take any measures against him.

A guaranty, that the maker of a note shall pay it when due, or that it shall be paid according to its tenor, or at any given period, is uniformly holden to be an absolute undertaking, that payment shall be made according to such stipulation, either by the direct debtor, or else by the guarantor in his stead. In such a case no active means are required on the part of the creditor to obtain payment, nor is any notice of non-payment required to be given to the guarantor, in order to perfect the cause of action against him. *Smith* v. *Ide*, 3 Vt. 290 ; *Knapp* v. *Parker*, 6 Vt. 642 ; *Williams* v. *Granger*, 4 Day 444 ; *Breed* v. *Hillhouse*, 7 Conn. 523 ; *Campbell* v. *Butter*, 14 Johns. 349 ; *Allen* v. *Rrightmere*, 20 Johns. 365 ; *Upham* v. *Prince*, 12 Mass. 14 ; *Peck* v. *Barney*, 13 Vt. 96.

But a guaranty, that a demand against a third person is, or shall be, good and collectable, was never construed as being unconditional and absolute. The very terms imply the condition, that the person taking such a guaranty shall use all reasonable diligence to collect the demand of the debtor. *Foster* v. *Barney*, 3 Vt. 61 ;

*Russell* v. *Buck*, 11 Vt. 166; *Wheeler* v. *Lewis*, Ib. 265. To which may be added the Connecticut cases on the blank indorsement of notes not negotiable, which is there holden to be in the nature of a guaranty, that the note is good and collectable. In this instance the defendant's undertaking belongs to the class of conditional guaranties, since he only promised, that, " when said note should become due, it should be good and collectable." It follows, that the plaintiff was under obligation to make proper exertions to collect the note of Strong, unless the facts were such, as to furnish a competent excuse for omitting them. Now we have no occasion to decide whether any, or what degree of insolvency, on the part of the debtor in these cases, will excuse the neglect of all attempts to collect of him. For if it be conceded, that an excuse can exist on that ground, extending even to the neglect of notice to the guarantor, preparatory to a suit against him, it is clear, that the insolvency of Strong is not sufficiently averred for such a purpose upon this declaration. It is merely alleged, that, " when said note became due and payable, said note was not good and collectable, and the plaintiff was unable to collect said note; " and again, that he " hath been wholly unable to collect said note." This does not import, that all endeavours to collect it would have been manifestly useless, or that such endeavors were not in fact made. The language may as well imply that they were made. Hence the defendant was entitled to notice of the failure to collect of Strong, before he could be subjected to an action on the guaranty.

The general rule is, that where a person undertakes, in positive terms, for some future act to be done by himself, or a third person, he is to take notice of the performance or non-performance of the act, and notice from the other party is not required. Such are all the cases of absolute guaranty. But when he only stipulates that the other party shall be able, by his diligence, to effect a certain object, the case is different. He is not then supposed to know, nor does he assume to know, the measures taken, or the result. Notice is therefore required, for the reason assigned by Judge Swift that " it would be against principle to admit a man to be sued, when he has no knowledge of the existence of the demand." 1 Sw. Dig. 436. See also *Marsh* v. *Badcock*, 2 D. Chip. 125; *Foster* v. *Barney*, 3 Vt. 61; Sw. Ev. 348. If there is any exception to the rule

requiring notice in such a case, it is where the guarantor was conscious, that the demand was worthless, and therefore must have acted in bad faith.

As notice to the defendant was necessary, it should have been alleged in the declaration.  And it being an additional and distinct fact, the proof of which was not involved in the proof of any fact alleged, the verdict has not cured the defect.

Judgment of county court reversed, and judgment on the verdict arrested.