## WILLIAM J. TARBELL *v.* DANIEL AND GEORGE TARBELL.

*Covenant.    Pleading.    Evidence.    Practice.    Remittitur.    New Trial.*

1. In an action for breach of covenant in a deed of land it is not necessary that the declaration should contain an allegation that the cost and expenses of litigating the title were ascertained and notice of the amount given to the defendants and a demand made therefor; for notice is not a condition of liability, nor of the gist of the action.
2. Certain evidence, *q. v.*, as to the value of the land was properly admitted.
3. In an action for breach of covenant where the verdict was larger than the plaintiff's claim in his specification, it is a proper case for the allowance of a *remittitur*.
4. But a *remittitur* should not be allowed, unless it clearly appears just what the excess in the verdict is; and the verdict should be set aside if it does not so appear.
5. The Supreme Court rendered judgment where the parties finally agreed as to the excess in the verdict, thereby increasing the *remittitur* allowed by the court below.
6. NEW TRIAL. The affidavits of jurors impeaching their verdict are not admissible in support of a petition for a new trial; and such petition also will be dismissed when there is pending on exceptions a motion for the same purpose.

COVENANT in two counts. The first was for breach of covenant of ownership of a piece of land, six feet wide and fifty feet long, in the village of South Royalton, from which the plaintiff was ousted by Aaron N. King; the second for a breach of covenant to warrant and defend said land, claiming as damages plaintiff's time and expenses in the chancery suit in which said King recovered the same.

Trial by jury, December Term, 1886, WALKER, J., presiding. Verdict for the plaintiff. See *Tarbell* v. *Tarbell*, 57 Vt. 492. Motion for new trial.

It was conceded that plaintiff was evicted from said strip of land in 1879; and the principal question on this trial was as to the damages.

Tarbell *v.* Tarbell.

The plaintiff testified in his own behalf and appraised the land at $500. The defendant used one Adams as a witness, who testified on direct examination that the land was worth $12 per front foot, or $72. On cross-examination he was asked what his appraisal would be, if Wm. Tarbell was occupying all the land immediately in the rear as far as the common under a perpetual lease.

The defendant objected to this question; but he was permitted to answer, and did as follows: "I should say with a perpetual lease it would be worth twice the money—$24 per foot." The other facts are sufficiently stated in the opinion.

*Lamb & Tarbell* and *J. J. Wilson*, for the defendant.

The second count was fatally defective in that it did not allege that the costs were ascertained and notice of the amount given to the defendants. 1 Swift Dig. 442. Where matter is more peculiarly within the knowledge of one of the parties than the other notice is necessary, though the terms of the contract do not require it. The amount of costs, time and expense were peculiarly within the knowledge of the plaintiff and of no one else. The defendants had no knowledge or source of knowledge from which they could ascertain the amount thereof. 1 Chit. Pl. (12th Am. Ed.) 327; Gould Pl. Chap. 4, ss. 15, 16. *Wright* v. *Smith*, 19 Vt. 110, was an action upon an award, that the defendant should pay the plaintiff his taxable costs in a suit pending between them, and it was held that no action would lay upon it without averment and proof of notice to the defendant. *Sylvester* v. *Downer*, 18 Vt. 32, was assumpsit upon a guarantee, that when a certain note should become due, it should be good and collectible, and it was held on motion in arrest, that it was necessary to give notice before commencement of suit, that proper effort had been made to collect the demand and that it had proved unavailing. In *Barnes* v. *Parker*, 8 Met. 134, the court say: "Where the thing is more properly within the knowledge of the plaintiff than the defendant, notice is required to be given

before commencement of the action." Comyns Dig. Pleader (C) 73; *Safford* v. *Stevens*, 2 Wend. 158; 1 Chit. Pl. 330. The defect was not cured by verdict. 1 Chit. Pl. 673, 680; Gould Pl. chap. 10, ss. 22, 25; *Vadakin* v. *Soper*, 1 Aik. 287; *Harding* v. *Cragie*, 8 Vt. 581; *Wright* v. *Clements*, 3 B. & Ald. 353. Where there are several counts and one is defective, judgment will be arrested. *Bloss* v. *Kittridge*, 5 Vt. 28; *Needham* v. *McAuley*, 13 Vt. 68; *Dunham* v. *Powers*, 42 Vt. 1.

*Heath & Willard*, for the plaintiff.

The testimony given by Adams was properly admitted. *Swan* v. *Middlesex*, 101 Mass. 173; *Shaw* v. *Charleston*, 2 Gray, 107. The motion in arrest of judgment was properly overruled. 2 Tidd Pr. 925; 1 Chitty Pl. 673; 1 Swift Dig. (2nd Ed.) 776; *Colt* v. *Root*, 17 Mass. 229, 235; *Bliss* v. *Arnold*, 8 Vt. 252, 256; *Smith* v. *Paul*, 8 Porter, 503, 505.

The established precedents do not contain any such averments as the defendants imagine to be necessary. 1 Chit. Pl. 546; Oliver's Prec. 476; Anthon's Am. Prec. 319; 2 Swift Dig. 478, 567. The defendant's objection proceeds upon a misapprehension of the nature of the action. The material question is, has the covenant been broken? If it has then damages must follow according to the rule of damages appropriate to this form of action. The principal claim is for the value of the land. The rest is an incident.

The court properly allowed the plaintiff to remit. *Persival* v. *Spencer*, Yelverton, 45; *Hemmenway* v. *Hicks*, 4 Pick. 497; *Crab* v. *Nashville Bk*, 6 Yerger, 332; *Johnson* v. *Robertson*, 1 Mo. 615; *Baldwin* v. *Porter*, 12 Conn. 473, 486; *Callernan* v. *Shaw*, 24 Iowa, 441, 450; *Smith* v. *Brush*. 11 Conn. 359, 369; *Lear* v. *McMillen*, 17 Ohio St. 464, 471; *Stickney* v. *Bronson*, 5 Minn. 215, 222; *Doyle* v. *Dixon*, 97 Mass. 208; *Chapin* v. *Bourne*, 8 Cal. 294; *Diblin* v. *Murphy*, 3 Sandf. 19; *Rea* v. *Harrington*, 58 Vt. 181, 191.

The defendants cannot be heard in this court, that the verdict was still " excessive and unwarranted by the law of evidence;" because the whole evidence is not before this court. *Parsons* v. *Chapman*, 11 Iowa, 294 ; *State* v. *Bonds*, 2 Nev. 265, 266 ; *Dawley* v. *Hovious*, 23 Cal. 103, 104 ; *Atkins* v. *Scott*, 19 Wis. 136 ; *Wadsworth* v. *Harrison*, 14 Iowa, 272.

The opinion of the court was delivered by

VEAZEY, J. The defendants moved in arrest of judgment for alleged defects in the second count, in that it did not allege that the costs and expenses in the King suit were ascertained and notice of the amount given to the defendants and demand made therefor.

This count set out the fact of King's claim and suit against this plaintiff, notice thereof by the plaintiff to the defendants, request to defend, neglect so to do, result in favor of King, defence by this plaintiff, costs and expense thereof; to wit, $1,000, and payment by this plaintiff, which he claimed with the value of the land.

The defendants in their brief admit their liability for the land, and that they undertook by force of their covenants to repay all costs, loss and expense the plaintiff might be put to resulting from any failure of the title, but claim they were entitled to notice of the amount thereof, and therefore an averment of notice was necessary, and this on the ground that the matter was peculiarly within the knowledge of the plaintiff.

The rule is that when actual notice of any fact to the defendant, or special request, is, either by the terms or the nature of the contract, the *condition* of his liability, such notice, in the one case, and such request in the other, is of the *gist* of the action, and must therefore be specially averred in the declaration. Gould's Plead. 3d ed. chap. 4, s. 15, and and authorities in note *y*. The gist of the action is that without which there is no cause of action. Gould, chap. 4, s. 12. The gist of the action in this case was the breach of the covenants of ownership and to warrant and defend. The distinc-

tion between the cases cited by the respective counsel is well expressed by ROYCE, J., in *Sylvester* v. *Downer*, 18 Vt. 32 : " The general rule is, that where a person undertakes, in positive terms, for some future act to be done by himself, or a third person, he is to take notice of the performance or non-performance of the act, and notice from the other party is not required. Such are all the cases of . absolute guaranty. But when he only stipulates that the other party shall be able, by his diligence, to effect a certain object, the case is different. He is not then supposed to know, nor does he assume to know, the measures taken, or the result. Notice is therefore required, for the reason assigned by Judge SWIFT, that it would be against principle to admit a man to be sued when he has no knowledge of the existence of the demand. 1 Swift, Dig. 436."

The warranties in this case were absolute, not conditional. In case of a guaranty that a demand against a third person is or shall be good and collectible, the condition is implied that the person taking such guaranty shall use all reasonable diligence to collect the demand of the debtor, therefore a declaration upon such guaranty must aver notice to the guarantor that proper efforts have been made to collect the demand from the debtor, and that they have proved unavailing, as was held in *Sylvester* v. *Downer, supra.* But where the undertaking is an absolute guaranty for another, it is unnecessary to aver notice of failure of performance on the part of the other. *Williams* v. *Granger*, 4 Day, 444; *Lent* v. *Padleford*, 10 Mass. 230. The cases are cited by the defendants where the promise was to pay taxable costs, and where it was held that the amount being peculiarly within the party's own knowledge, notice of the amount must be averred, as in *Wright* v. *Smith*, 19 Vt. 110. In those cases it may well be regarded that notice of the amount on account of peculiar knowledge is a *condition* of liability implied from the nature of the contract, and therefore is of the gist of the action as much as the promise and breach are. The defendant had assumed nothing except to

pay when the amount was determined. In the case at bar the defendants had covenanted to warrant and defend. This covenant was broken. From this breach damages arose, consisting of the value of the land, and, as an incident, the cost and expense of doing that which the defendants had assumed as a primary obligation. We fail to see anything in the nature of the contract implying that notice should be a condition of liability. No case is cited, and I have found none where it was so held. The established precedents contain no averment of the kind here claimed to be essential. In the numerous cases for breach of covenants in deeds, in this jurisdiction and elsewhere, involving the question of right to include this element of damages, I find but one where the report shows expressly what the averment was as to notice and where the question of the necessity of such averment was pointedly raised as here, and there the decision was that costs of defence and counsel fees are recoverable although not specially stated in the declaration. *Richert* v. *Snyder*, 9 Wend. 417. SAVAGE, J., said : " The costs of the defence and of counsel fees were also proper, if the plaintiff's declaration was sufficient to admit them. The plaintiff in his declaration claims damages generally, and surely should be admitted to prove those damages which were necessarily consequent upon a prosecution against him, and his defence against that prosecution." In many of the cases where it was held that costs and expenses of defending the title in another suit were recoverable as an element of damage, the fair implication is that the declaration contained no averment of notice and demand. As a specimen, see *Pitkin* v. *Leavitt*, 13 Vt. 379. WILLIAMS, Ch. J., there says : " As to the legal costs and expense in the action of ejectment, the case of *Smith* v. *Compton*, 3 Barn. & Ad. 407, is a very decisive authority, not only that there may be a recovery on the covenant when no notice had been given of the former suit in ejectment, but also that the recovery should be for the necessary cost and expenses in that suit, as well as for the value of the land." We hold that recovery as claimed may be had under the second count.

Tarbell *v.* Tarbell.

Another cause alleged in the motion in arrest is that the jury allowed "a large amount of damages or interest to the plaintiff which were not warranted by the law or evidence."

The action is covenant in two counts, the first being for breach of the covenant of ownership of a piece of land described ; the second, for breach of the covenant to warrant and defend the same, as above set forth.   Under the second count the plaintiff filed a long and detailed specification of his claims. The exceptions show that the items of these specifications were the subject of minute investigation and of careful instruction to the jury, to which no exceptions were taken.   A special verdict was taken on this branch of the case.   The only exception reserved to any ruling of the court on the trial was to the admission of the testimony of one Adams as to the value of the land, in respect to which we hold there was no error. But on the motion in arrest it was claimed by the defendants that the special verdict was larger than the plaintiff claimed in his specification.   This was admitted by the plaintiff, and he offered to remit the excess, and asked for judgment for the amount of the verdict, less this excess ; and judgment was so rendered, the amount remitted being $144.01, which was doubtless supposed to be, and possibly was, the exact amount of the excess.   To this ruling and judgment the defendant excepted.

First, was this a proper case for the allowance of a *remittitur?* . It was held as early as the reign of James I., in an action on the case on a promise, that though a plaintiff may never recover more than what he declares for, yet if after such verdict he releases all the damages but those for which he declared, and have judgment for the balance, it is good.   *Persival* v. *Spencer*, Yelverton, 45.   In an action sounding merely in damages, the plaintiff can recover no more than the amount laid in the declaration.   If a verdict is found for more he may release the surplus, and take judgment for the amount declared for, but if judgment be entered for a greater amount it is error.   1 Rol. Abr. 784 ; Sayer on Dam. 238 ; 1 Saund. 285, n. 6 ; *Gratz* v. *Phillips*, 5 Binney, 564.   See also the author-

ities in plaintiff's brief. There are some exceptions noted in the books but they are not applicable here. We see no reason why the rule should not apply where the plaintiff states his claim in specifications. Plainly, a defendant should not be called upon to defend beyond the plaintiff's claim in any case.

But it is now claimed that the whole excess was not remitted, and the specifications are put into the hands of this court to enable us to see whether this claim is true. The exceptions state in one place that the amount remitted was the entire excess of the verdict above the amount of the specifications. If that had been the only statement on this point it would probably be conclusive, but it is not. The exceptions further state that the defendant's counsel claimed, *among other things*, that there was an error in the computation of interest made by the jury, to the amount of $144, which was agreed to by the plaintiff's counsel, and thereupon the court allowed the plaintiff to remit that amount. Moreover the specifications are in such shape that we are unable to determine with certainty just what they aggregate. We therefore think that the fair construction of the exceptions is that the County Court did not actually find what the excess was.

A *remittitur* cannot be allowed and forced upon the defendant unless it clearly appears just what the excess of the verdict was. The court must be able to see and must determine this, and may not assume it. If unable to so determine, the judgment should be arrested, the verdict set aside, and a new trial granted. But if the parties agree as to the amount of excess, the court may take that as the true amount. The defendant's counsel now claim that the total amount was $269 more than the jury intended, and agree that a deduction of that amount from the verdict would bring the judgment within the amount of the specifications. The plaintiff's counsel, although denying that the excess would come to this sum, yet consent to it and ask that the *remittitur* be increased to that amount. There was no error on the part of the court in the main trial. The error of the jury was, we think, solely clerical in computing the

items of the specification. The only error of the court was in allowing a *remittitur* after verdict of an assumed excess of the verdict above the amount claimed, without that amount clearly appearing and being determined.

But as the County Court would have been warranted in rendering judgment in accordance with the present claim of the defendant and offer of the plaintiff, if such claim and offer had been made then, we think this court may in like manner act upon the claim and offer and render such judgment as the County Court could have rendered. This will cure all error that is established.

Judgment reversed and judgment for the plaintiff for the amount of the judgment below, less $125, remitted—with costs in the County Court lessened by the defendant's costs in this court—the reversal being with costs to the defendant in this court.

In support of the petition for a new trial filed in this court and heard with the exceptions, the affidavits of five jurors were appended. In those affidavits the affiants testify to the method of making up the amount of the special verdict, and in substance add that they disallowed certain items in the specifications amounting to $125, and intended to deduct that amount from the total amount of the specifications. The special verdict shows it was not deducted. It is the settled rule in this State that affidavits of jurors may be read to exculpate themselves from alleged fault, and to sustain their verdict, but not to impeach it; *Downer* v. *Baxter*, 30 Vt. 467; and under this rule it was held that the affidavits of jurors, after they have separated, to show upon what ground the verdict was rendered, were properly excluded. *Sheldon* v. *Perkins*, 37 Vt. 550.

Under these authorities the affidavits in question furnish no legal ground for setting aside the verdict, and were inadmissible.

Another ground for dismissing the petition is that there was and is pending on exceptions the motion for a new trial for the same cause. *Mann* v. *Fairlee*, 44 Vt. 672.

Petition dismissed with costs.