### PROCEEDINGS IN FORCIBLE DETAINER.

Circuit Court of Cuyahoga County.

ANDREW J. McFANN v. C. H. CARLTON, AS EXECUTOR OF THE ESTATE OF C. C. CARLTON, DECEASED, ET AL.

Decided, June 7, 1910.

*Justice of the Peace—Forcible Detainer—Error to Common Pleas—Notice to Leave when Premises Used for Gaming—New Trial—Charge to Jury—Separation of Jury Over Night—Refusal to Discharge Jury.*

1. Where a petition in error seeking to reverse the judgment of a justice of the peace in a forcible detainer case is, on leave, filed in the common pleas court, the judgment of the latter court thereon is reviewable in the circuit court. *Rothwell v. Winterstein*, 42 O. S., 249, distinguished.

2. In an action in forcible detainer under the provisions of Section 4276, Revised Statutes, to recover the possession of premises occupied by the tenant for gaming, no notice to quit, other than that incident to the bringing of the suit, need be given.

3. Under Section 6560, Revised Statutes, a justice of the peace may grant a new trial in a forcible detainer case.

4. A justice of the peace is not required to charge the jury either before or after argument.

5. When a justice of the peace charges a jury, his charge is not to be viewed with a critic's eye and its imperfections are to be passed by, unless they are so plainly erroneous and prejudicial as to indicate that the verdict was unjust and unlawful.

6. It is not reversible error for a justice of the peace to permit a jury to separate over night, after the case has been submitted to it, unless it is shown affirmatively that prejudice resulted therefrom to the defeated party.

7. It is not error for a justice of the peace to refuse to discharge a jury when the foreman thereof on the first evening reports that the jury would probably be unable to agree, or at least that he saw no chance thereof at that time.

*Jos. L. Stern,* for plaintiff in error.
*Cook, McGowan & Foote,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The original action below was commenced by the defendants in error here against the plaintiff in error, before a justice of

the peace, in forcible detainer, to recover possession of leased premises, upon forfeiture of the term for permitting gaming thereon. A verdict of "not guilty" and judgment rendered thereon were set aside by the justice, and a new trial granted on the statutory ground that the verdict was obtained by partiality. Section 6560, Revised Statutes.

At the second trial a verdict and judgment were recovered by the defendants in error. The plaintiff in error, by leave of court, filed his petition in error in the court of common pleas. There the judgment of the justice of the peace was affirmed and error is now prosecuted here.

A preliminary question raised by the defendants in error here challenges the jurisdiction of this court in this kind of a case upon the ground that forcible entry and detainer is a form of action intended to afford summary relief against a tenant wrongfully continuing in the possession of leased premises. It is urged that even the court of common pleas can not entertain proceedings in error prosecuted to reverse a judgment of the kind here presented, except upon leave first sought and obtained, and that if litigation in such cases may be indefinitely prolonged by the tenant's persistence in seeking review through all the courts, the delay will amount to a denial of justice. *Roghwell* v. *Winterstein*, 42 Ohio St., 249, is cited. But that case decides merely that a proceeding in error to reverse the judgment of a justice of the peace can only be commenced in the first instance in the court of common pleas, and there only by its leave, and that its refusal to grant such leave is not reviewable. Moreover, Section 6709, Revised Statutes, provides generally that:

"A judgment rendered or final order made by any court of common pleas, or a judge thereof, may be reversed, vacated or modified by the circuit court of the county wherein such court is located, for errors appearing upon the record."

We hold, therefore, that we have jurisdiction to entertain this proceeding in error.

Coming now to the errors assigned by the plaintiff in error we shall consider them in their order.

1.   It is urged that the justice of the peace had no jurisdiction  of the action because a single notice to vacate the premises was made to serve the double purpose of compliance with the requirements of Sections 4276 and 6602, Revised Statutes, in that behalf.    These sections are as follows:

"Sec. 4276.   Whenever premises are occupied for gaming or lottery purposes the lease or agreement under which they are so occupied shall be absolutely void at the instance of the lessor, who may at any time obtain possession by civil action, or by action of forcible detainer before a justice of the peace; and if any person leases premises for gaming or lottery purposes, or knowingly permits them to be used and occupied for such purposes, and fails immediately to prosecute, in good faith, an action or proceeding for the recovery of the premises, such lessor shall be considered in all cases, civil and criminal, as a principal in carrying on the business of gaming, or a lottery in such building.

"Sec. 6602.   It shall be the duty of the party desiring to commence an action under this chapter, to notify the adverse party to leave the premises, for the possession of which action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he can not be found."

The contention is that the former of these sections contemplates a notice of forfeiture and gives a choice of remedies as between forcible detainer in the court of a justice of the peace, and ejectment in the court of common pleas.    The plaintiffs below having elected the former remedy, they were obliged, it is insisted, to comply with all prerequisites to the maintenance of that species of action, including the service of notice to leave the premises, as provided by Section 6602.

It will be noticed, however, that Section 4276, though it provides that a lease of premises shall for the causes therein named "be absolutely void at the instance of the lessor" contains no express requirement of notice to be served upon the lessee, and we think that no notice other than that incident to the bringing of the suit in one form or the other need be given. We hold, therefore, that the justice of the peace had jurisdiction of the action which was brought before him.

2. It is urged further that the justice of the peace exceeded his jurisdiction in granting a new trial, after the first verdict and judgment were rendered.

The contention is that Section 6609, Revised Statutes, which applies only to the rendition of judgment in forcible entry and detainer cases, is so irreconcilable with Section 6560, Revised Statutes, which provides generally for the granting of new trials by justices of the peace, that the latter can have no application to forcible entry and detainer cases. These sections are as follows:

"Sec. 6609. The justice shall enter the verdict upon his docket, and shall render such judgment in the action as if the facts, authorizing the finding of such verdict had been found to be true by himself.

"Sec. 6560. It shall be lawful for the justice before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud, partiality or undue means, at any time within four days after the entering of judgment, to grant a new trial, and he shall set a time for the new trial, of which the opposite party shall have at least three days notice."

It is true that the regulations governing the rendition of judgment under Section 6609 in forcible entry and detainer cases differ essentially from those that govern the rendition of other judgments under Sections 6579. But we do not agree that Section 6609 makes the finding of the jury so conclusively the finding of the justice himself, when judgment has been rendered upon the verdict, as to preclude his right to grant a new trial under Section 6560, when satisfied that the verdict was obtained by partiality. We hold, therefore, that the justice had jurisdiction to grant a new trial for the cause specified, and that the first judgment is no longer effective.

3. It is urged also that under Section 6705, Revised Statutes, making those provisions of the code of civil procedure "which are in their nature applicable to the proceedings before justices, and in respect of which no special provision is made in this title [the justices' code], are applicable to the proceedings before the justices of the peace," the trial court erred in refusing to charge as requested before argument. We do not subscribe to

this view.   Justices of the peace are not required to instruct the jury at all and the provisions of the code of civil procedure in regard to requests to charge before argument are not in their nature applicable to proceedings before justices of the peace.

4.   It is urged that the justice erred in his general charge to the jury, but though the instructions were not well presented, our duty in regard to justices' proceedings, where jurisdiction is shown, is not to view them with a critic's eye, but pass their imperfections by, unless they are so plainly erroneous and prejudicial as to indicate that the final result is unjust and unlawful. In the record before us we note that all of the requests presented by the defendant below were given to the jury, except No. 2, which is in conflict with the case of *Ulsemer* v. *State*, 30 Bull., 293, and the charge from that case was repeated verbatim to the jury in this case at his request.   Under these circumstances we find no error in the charge as a whole.

5.   It is complained further that the justice permitted the jury to separate for the night after their deliberations had commenced, contrary to the provisions of Section 6557, Revised Statutes, which requires that:

"After the jury shall have been sworn, they shall sit together, and hear proofs and allegations of the parties; and, after hearing the same shall be kept together in some convenient place, under the charge of a constable, until they have agreed upon their verdict, or shall be discharged by the justice."

This provision is clearly directory, and unless its violation be shown to have resulted prejudicially to the defeated party, no error can be predicated upon it.   *Downer* v. *Baxter*, 30 Vt., 467; *Cullen, Administrator*, v. *B. & O. Railroad Co.*, 1 Ohio Supreme Court Decisions, Unreported, 266; *Armleder* v. *Lieberman*, 33 Ohio St., 77.

For like reasons we think there was no error in refusing to discharge the jury when the foreman reported on the first evening that they would probably be unable to agree, or at least that he saw no chance thereof at the present time."   Section 6559, Revised Statutes; *Poege* v. *State*, 3 Ohio St., 229, 239; *Hines* v. *State*, 24 Ohio St., 134, 138.

6. Misconduct of counsel and jury is also urged as a ground for reversal. But without reviewing the facts of the alleged misconduct at length, it suffices to say that we do not find any prejudicial error in these respects.

There being no ground for reversal found in the record the judgments of the court of common pleas and of the justice court are affirmed.