Bond Street Knitters, Inc., Respondent, *v.* Peninsula National Bank, Appellant.

First Department July 2, 1943.

504

*Edward S. Bentley* of counsel (*Conklin & Bentley,* attorneys), for appellant.

*Arthur J. W. Hilly* of counsel (*Sydney Basil Levy* and *Harry D. Glicksman* with him on the brief; *Chauncey H. Levy* and *Sydney Basil Levy,* attorneys), for respondent.

*Per Curiam.* The law is well settled that upon a breach of contract to loan money the recovery is only nominal unless special damage is shown. " The prospective borrower, however, may recover the special damage which an inability to obtain the money, under the peculiar circumstance of his case, has actually caused him." (*Avalon Constr. Corp.* v. *Kirch Holding Co.,* 256 N. Y. 137, 141, 142; see, also, 2 Sedgwick on Damages [9th ed.] § 622; 5 Williston on Contracts, rev. ed. § 1411.)

In rendering a verdict of $20,000 for plaintiff, the jury undoubtedly entertained an erroneous view that general damages were recoverable. The maximum amount which plaintiff could properly obtain upon the proof was $6,030.55 as special damages. Of this sum, $2,639.91 was claimed for the cost of converting plaintiff's plant and $3,390.64 for plaintiff's alleged loss of profits. The jury's verdict of $20,000 was not supported by any hypothesis of the evidence and therefore could not be

sustained. (*Nocero* v. *Denitto,* 212 App. Div. 363, 365; *Van Der Harst* v. *Koenig,* 249 App. Div. 235, 236.)

However, the trial court had no power of its own accord to reduce the verdict from $20,000 to $6,030.55 upon plaintiff's consent. Each item of special damage was seriously disputed by defendant. The issue of damages here should have been left to the jury to reassess upon proper instructions. The defect in its verdict could only have been cured by the jury itself. (*Amory* v. *Washington Steamboat Co., Ltd.,* 120 App. Div. 818, 822, 823.) In the circumstances neither the jury's verdict as rendered nor the verdict as reduced by the court may be permitted to stand.

The judgment should accordingly be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.