■ ABBEY RENT A CAR, INC., et al., Respondents, v. JAMES S. MOORE, Defendant, and CLEAT SERVICE CO., INC. Sued Herein as FLEET SERVICE CO., Appellant.— Determination of Appellate Term, entered January 5, 1968, affirming three judgments entered in the Civil Court, County of New York, reversed, on the law and facts, and a new trial granted, with $50 costs and disbursements to abide the event. Involved herein is a two-car intersection motor vehicle accident. Seated in the car owned by respondent Abbey Rent A Car, Inc., were two of its employees. Their testimony sharply conflicted with testimony given

at an examination before trial by James Moore, the deceased driver of appellant's taxicab, and two disinterested witnesses with relation to the color of traffic lights and the speed of the two vehicles. While it was proper to strike out the witnesses' conclusions, in our opinion it was prejudicial error for the court to strike the testimony of the ·witness Williams as to what he actually saw and heard, in view of the sharply conflicting testimony and the fact that the driver of the taxicab, Moore, was deceased. Further, the reduced verdict is grossly excessive. After the accident plaintiff Marcus was X-rayed at a hospital and released. The X rays were negative, for fractures and dislocations. He did not see a doctor until four days after the accident. His hospital bill was $94.90. He claimed to have remained in bed for five days. The minority memorandum misses the point on jurisdiction. While the court had jurisdiction, the verdict in excess of the jurisdictional limit was invalid and should have been set aside on defendant's motion, which motion was denied. Then the case should have been resubmitted to the jury with appropriate instructions, including a reference to the monetary jurisdictional limit of the Civil Court. The trial court had no power on its own accord, even if plaintiff consented, to reduce the verdict from $12,000 to $10,000. The defect in the verdict could only be cured by the jury itself. (*Bond St. Knitters* v. *Peninsula Nat. Bank,* 266 App. Div. 503; *Amory* v. *Washington Steamboat Co.,* 120 App. Div. 818, 822–823.) If the verdict needs correction or is imperfect, the jury may be required to retire and consider it again. (*Porret* v. *City of New York,* 252 N. Y. 208; 8 Carmody-Wait 2d, New York Practice, § 58:25.) Concur — Steuer, J. P., Tilzer and McNally, JJ.; McGivern, J., dissents in the following memorandum. I dissent and would affirm. We have here a simple, common garden variety of an intersection case. Not unnaturally, there were conflicts in the testimony. The determination of the trial court in the Abbey and Alston actions and the verdict of the jury in the Marcus action have resolved them. And the record sustains the rejection by the triers of the facts of the testimony of defendants' witnesses. The witness Pelletier, in addition to many contradictions, avowed that there were no trees on Third Avenue,· although he lived a little more than 30 yards away. Even after pictures were placed before him, he persisted in his unbelief. Yet, lo, my brethren, there stand the trees, as plain as the Cedars of Lebanon. The defendant — witness Moore testified that at the time of the accident, he had his foot on the gas pedal, and coming up Third Avenue, he was leading the pack. And be it noted, the damage to his taxi was all frontal, indicating he struck the plaintiffs' car amidships. The treatment of the witness Williams by the court I regard as correct and well within the sound discretion of the Trial Judge. In sum, the witness said an *"unidentified"* car passed him at "excessive" speed and he "heard the crash." I think it would have been prejudicial error not to have stricken this testimony. In any event, involving as it does a split-second ruling by a Trial Judge, in a day of bulging calendars, it hardly warrants a new trial. Few trials are paragons of flawless perfection. If for every unharmful slip there must be a new trial, our back-logs will be eternal. The verdict itself I regard as one which reasonable men could have rendered. The portion thereof which was in excess of the jurisdiction of the Civil Court and plaintiff Marcus' demand was not so great or inordinate as to suggest bias, passion or prejudice in favor of plaintiff. In addition to the $94.90 hospital bill, there was a medical bill of $129.50 and loss of earnings in the sum of $683.84, totaling $907.34 of uncontradicted special damages. Further, Doctor Dilluvio testified that Marcus was suffering from "a chronic post-traumatic derangement of the low back and permanent." *And there is no contrary medical opinion in the record.* Under these circumstances I can find no warrant for the conclusion in the majority opinion that the reduced verdict is "grossly" excessive. **Nor,**

finally, do I appreciate the reason why the verdict is branded as "invalid" by the majority. The cases cited as authority are apposite not at all. *Bond St. Knitters* v. *Peninsula Nat. Bank* (266 App. Div. 503) involved only disputed special damages in a breach of contract action wherein the itemization comprising such damages was peculiarly within the province of the jury. The holding gives no support to the majority view. Neither does *Amory* v. *Washington Steamboat Co.* (120 App. Div. 818). In that case the jury rendered a sealed verdict with no amount named, and after the jury was discharged the court fixed the amount. Clearly an unheard of aberration. In the case at bar, the jury was still assembled in the box, and met the Judge's action with unmurmuring acquiescence, when he stated that the court's jurisdiction was limited to $10,000, and when he declared, "Accordingly, I am now reducing the verdict to $10,000." *Porret* v. *New York* (252 N. Y. 208) also involved a sealed verdict wherein the jury agreed only that the plaintiff should recover but disagreed as to the amount. The case cannot represent a holding on the point before us. As to the majority's reference to Carmody-Wait 2d (vol. 8, § 58:25), a perusal of that chapter discloses no authority apt as to the majority position but to the contrary, by reference (footnote 12, pp. 355–356) to 65 ALR 2d 1331, we do find the following statement of keen pertinence, at page 1334: "In the vast majority of the cases which have considered the question it has been held, often without extended discussion, that the mere fact that a verdict has been returned in excess of the amount of damages demanded by a party in his pleadings, or the fact that a judgment has been entered upon such a verdict, will not necessitate a new trial when the successful party is willing to remit the amount by which the verdict exceeds his demand." Numerous New York cases, including *Herrman* v. *Leland*, 163 App. Div. 515, affd. 221 N. Y. 143, are cited in support of the majority rule. It is clear there has been no invasion of the province of the jury. (See *O'Connor* v. *Papertsian*, 309 N. Y. 465.) Indeed, the point before us does not seem to be historically novel. Ancient learning suggests neither policy nor reason require a new trial. We find as noted in 65 ALR 2d 1339, citing *Tarbell* v. *Tarbell* (60 Vt. 486) "that it had been held as early as the reign of James I, in an action on the case on a promise, that although a plaintiff may never recover more than he claims, yet, if after verdict in excess thereof he releases all the damages but those for which he declared, and have judgment for the balance, it is good" *Tarbell* cites *Persival* v. *Spencer* (Yelv. 45). We have here a general verdict. Because the jury awarded $12,000, when the court's maximum jurisdiction is $10,000, did not quit the court of jurisdiction in the instant case nor deprive it of the power to reduce the recovery to an amount within the limits of the court's jurisdiction since the plaintiff Marcus claimed damages only in the sum of $10,000. The test of a court's jurisdiction is the amount requested in the complaint. (*Gigliotti* v. *Jacksina*, 206 App. Div. 368.) And, if by chance, a plaintiff establishes a right to recover in excess of the court's jurisdiction, the court still has jurisdiction when the plaintiff waives the excess and accepts judgment only for the limited amount, the balance being lost forever. (*Hamburger* v. *Hillman*, 103 App. Div. 263, 266 (1st Dept.); *People ex rel. Evarts* v. *Municipal Ct.*, 162 App. Div. 477 (1st Dept.) affd. 212 N. Y. 595.) In the case at bar the court properly reduced the verdict to the court's jurisdiction. And there was no objection. Nor can I find in the record the specific motion to set aside referred to by the majority. True, there was an omnibus motion made "under all the provisions of the CPLR, including excessiveness, to direct a new trial and direct a verdict for the defendant". But, there was no specific motion to set aside the verdict on the explicit ground that the court lacked the power to reduce the amount of the verdict so as to bring it within the court's jurisdiction and the amount asked for in the complaint.

Even if such a motion had been made, a denial would have been proper *in view of the plaintiff's willingness to accept the lesser amount.* Thus, I would affirm each of the judgments from which appeal is made.